UNITED STATES DISTRICT COURT



FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RICKIE ANTHONY,<br><br>　　　　Plaintiff,<br><br>VS.<br><br>RICHMOND COUNTY CHILD SUPPORT ENFORCEMENT<br><br>JOSEPH G. DAVIS III<br><br>CHRISTOPHER W. RHUE<br><br>DEPUTY WILLIAMS<br><br>　　　　Defendants | Civil Action No.: 23CV1051<br><br>**COMPLAINT PURSUANT TO TITLE 42 USC § 1983**<br><br>[TRIAL BY JURY: YES] |

## I. PARTIES

A. Plaintiff

Name of Plaintiff: Rickie Anthony

Address: 197 Billy Covington Rd
　　　　　Rockingham, NC 28379
　　　　　Richmond County
　　　　　910-331-6845
　　　　　Contactrickieanthony@gmail.com

B. Defendant(s)

Name of Defendant: Richmond County Child Support Enforcement | IV-D Agency

Current Address: 125 Caroline Street
P.O. Box 518
Rockingham, NC 28379
Richmond County
(910) 997-8480

☑ Official Capacity

Name of Defendant: Joseph G Davis III | IV-D Attorney

Current Address: P.O. Box 758
212 E Franklin St
Rockingham, NC 28379
Richmond County
(910) 895-4018

☑ Individual & Official Capacity

Name of Defendant: Christopher W. Rhue | District Court Judge

Current Address: 105 W Franklin St
Rockingham, NC 28379
Richmond County
(910) 419-7400

☑ Individual & Official Capacity

Name of Defendant: Deputy Williams | Sheriff's Deputy ID# 163

Current Address: 1 Court St
                      Rockingham, NC 28379
                      Richmond County
                      (910) 895-3232

    ☑ Individual & Official Capacity

## II. BASIS FOR JURISDICTION

This action is brought under Title 42 U.S.C. Section 1983 to redress the deprivation of rights secured by the Constitution of the United States, particularly the 4th and 8th Amendments to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as it involves a federal question.

  A. The plaintiff brings suit against State and Local officials (a § 1983 claim) for the violation of rights listed:

  B. 1. 4th amendment right against unlawful searches, seizure and arrest

     2. 8th amendment right against excessive bail and cruel and unusual punishment

     3. 18 U.S.C. § 1201- Kidnapping

     4. 18 U.S.C. § 242- Deprivation of Rights Under Color of Law

C. 1. False imprisonment

2. Assault and tort

3. Unlawful and False arrest

4. Malicious Prosecution

5. Unlawful seizure of mugshot without warrant

6. The defendants named herein — Richmond County Child Support Enforcement, Joseph G Davis III, Christopher W. Rhue, and Deputy Williams — acted under color of law during the events giving rise to this complaint.

Richmond County Child Support Enforcement:

The Child Support Agency is a state entity responsible for child support enforcement and bringing this action against the plaintiff; Initiated an "Order for Arrest" without legal or lawful justification or statutory basis by using its state authority to initiate legal documents (Order for Arrest), the agency acted under color of law.

Joseph G Davis III:

Acting in his official capacity as legal counsel for the Richmond County Child Support Enforcement, intentionally filed the "Order for Arrest" on behalf of the Richmond County Child Support Enforcement; without any legal basis as a representative of a state entity, acted under color of law by engaging in legal proceedings that lacked a legal and lawful foundation.

Christopher W. Rhue:

As District Court judge presiding, having judicial authority to approve or deny legal documents, including orders for arrest, acting in his official capacity approved and signed the "Order for Arrest" lacking legal and lawful justification. The judge acted under color of law by using judicial authority to endorse an unlawful arrest order.

Deputy Williams:

As a law enforcement officer, the deputy has the authority to execute arrest orders. The deputy executed the "Order for Arrest" despite its lack of legal and lawful

justification. The deputy in his official capacity acted under color of law by using law enforcement authority to carry out a false and unlawful arrest.

Collectively, the coordinated actions of the Richmond County Child Enforcement, Joseph G Davis III, Christopher W. Rhue, and Deputy Williams of the Richmond County Sheriff's Department, all involving the issuance and execution of an "Order for Arrest" without legal or lawful justification, constitute actions taken under color of law. This coordinated effort resulted in severe constitutional violations, including false imprisonment, unlawful and false arrest, assault and tort, malicious prosecution, unlawful seizure of property (mugshot) without a warrant, and kidnapping of the plaintiff. These actions form the basis for jurisdiction under Section 1983, allowing for legal redress for the constitutional injuries suffered by the plaintiff.

## III. STATEMENT OF CLAIM

1. **Summary of Events Prior To False Arrest:**

The start of this case began On April 27th, 2023, the plaintiff submitted a notice to the IV-D court invoking his 5th amendment right not to provide any evidence against himself by refusing to comply with an unlawful order to provide his personal financial information. Since then, over the past few months, plaintiff Rickie Anthony has filed notices and other documents with the IV-D court in this matter challenging these proceedings and orders, explaining and arguing the fraud, unconstitutionality and unlawfulness of the entire matter. In response Joseph G Davis III has filed Multiple orders and motions on behalf of the Richmond County Child Support Enforcement Agency in this matter totally disregarding the plaintiff's constitutional rights and arguments, concealing the plaintiffs paperwork making it appear that the plaintiff was willfully not complying, and even sending orders and motions demanding the plaintiff provide the evidence against himself despite him invoking his rights. The plaintiff filed a grievance with the North Carolina State Bar Association for the unethical misconduct performed by IV-D attorney Joseph G Davis III. The paperwork sent to the plaintiff from the defendants (Richmond County Child Support Enforcement, IV-D Attorney Joseph

G Davis III and District Court Judge Christopher W Rhue) as well as case manager Cameron Kelly who's employed with the Richmond County Child Support Enforcement made threats to punish the plaintiff with contempt which would result in the plaintiff's physical arrest if he did not comply with these unlawful orders. A monetary judgment (support order) was claimed to have been established by the defendants and the plaintiff was alleged to have owed a debt (arrears). The plaintiff never signed any promissory note agreeing to pay a debt and make monthly installment payments. The plaintiff was also never charged with any form of contempt. There's no legal or lawful foundation that authorizes an "order for arrest" in civil proceedings. An "Order For Arrest" was initiated and executed by the defendants. The plaintiff was later falsely arrested without any legal or lawful justification, held for 3 nights in the county jail for an alleged debt that was allegedly owed that would have needed to be paid in full to regain his liberty. He was then released without having to pay any type of bond or alleged debt. The case was later dismissed on the following court date.

2. On Friday November 3rd, 2023 while the plaintiff was out enjoying his life, liberties, and pursuit of happiness in the drive thru at Burger King ordering his usual plant based burger (Impossible burger); around 6:38PM he was

approached by 4 unknown Rockingham Police Officers who refused to identify themselves after being asked for names and badge numbers. The officers mentioned he had a "warrant". One of the officers stuck their arm in the plaintiff's vehicle to unlock and open his door to remove the plaintiff from his vehicle where he was then placed in handcuffs, unlawfully searched and then placed in the back of a cramped police vehicle with his hands and arms uncomfortably restrained behind his back.

3. From Burger King, the plaintiff was kidnapped and transported to the magistrate office where Deputy Williams was waiting and after being asked by the plaintiff, Deputy Williams stated he would be the arresting officer in this arrest. The plaintiff tried to inform all officers involved including Deputy Williams that the arrest was unlawful and unconstitutional and that probable cause for an arrest can only exist in relation to criminal conduct and that child support was a civil matter and probable cause to arrest couldnt arise out of a civil dispute, but all they could say was "well you have a warrant". None of the officers inquired to seek further understanding to evaluate if they were executing an unlawful arrest or not.

4. The plaintiff was then given a copy of the "order for arrest" while at the magistrate office which had been initiated by the Richmond County Child Support Enforcement, Signed by district court judge Christopher W. Rhue and had been filed by Joseph G Davis III. The order for arrest demanded cash bond in the amount of $3,920 which was the alleged arrears; the debt the plaintiff allegedly owed the Richmond county Child Support Enforcement.

5. The plaintiff was informed by the magistrate that unless the amount of this debt was paid in full, the plaintiff would not be released and would have to stay in jail until his court date which was Thursday November 9th, 2023 at the Richmond County Judicial Center.

6. Friday November 3rd, 2023 Deputy Williams further kidnapped and escorted Rickie Anthony to the Richmond County Jail where he was booked and made to strip completely naked, squat down and cough in front of another deputy including Deputy Williams where also his mugshot was unlawfully taken without probable cause and a warrant.

7. With arrest being public information, the plaintiffs mugshot and available arrest information was posted and could be found on a mobile app called "Mobile Patrol". Mobile Patrol is a popular app in Richmond County where anyone who has the app can see available information of those arrested.

8. On the morning of Monday November 6th, 2023 the plaintiff saw a judge and sometime that afternoon was released from the Richmond county jail without having to pay any of the originally and previously demanded alleged debt after spending a total of 3 consecutive nights imprisoned.

9. With the plaintiffs diet being of a non meat or animal product (vegan) it was extremely difficult and highly stressful to eat with such limited options while imprisoned.

10. On Thursday November 9th, 2023 the plaintiff, under threat of arrest and coercion attended the IV-D court session. He stated his name to let his appearance be known to the IV-D court. He was thereafter informed by defendant Joseph G Davis III that his case had been dismissed and was free

to go.

11. Thursday November 9th, 2023 the plaintiff checked the Mobile Patrol App and noticed his arrest information and mugshot had also been taken off the public record

**IV. JURY DEMAND**

Plaintiff, Rickie Anthony, hereby demands a trial by jury on all issues triable.

**V. RELIEF**

Wherefore, the Plaintiff Respectfully Requests the Following Relief:

A. $2,000,000 in Punitive damages to deter similar conduct in the future

B. $1,000,000 in Compensatory damages for emotional distress

C. $1,000,000 in Compensatory damages for time loss (3 nights in jail)

D. Declaratory relief from this Honorable Court that defendant's actions, as described in the preceding counts, constitute a violation of Plaintiff's constitutional rights

## VI. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated this __1st__ Day of December, 2023.

_____
Rickie Anthony

197 Billy Covington Rd
Address
Rockingham, NC 28379

910-331-6845
Phone Number